**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RAYNARD PAUL CUMMINGS,
*Petitioner-Appellant*,

v.

MICHAEL MARTEL, Warden,
California State Prison at San
Quentin,

*Respondent-Appellee*.

No. 11-99011

D.C. No.
2:95-cv-07118-
CBM

ORDER

Filed April 29, 2016

Before: Sidney R. Thomas, Chief Judge, and Diarmuid F. O'Scannlain and M. Margaret McKeown, Circuit Judges.

## ORDER

The opinion filed on August 11, 2015, slip op. 11-99011, and appearing at 796 F.3d 1135 (9th Cir. 2015), is amended as follows. At slip op. page 16–17 n.2, replace the current footnote with the following footnote text:

> Chief Judge Thomas's dissent sidesteps AEDPA and reviews *Turner*'s special relationship prong de novo because, in his view, the California Supreme Court improperly layered a prejudice-balancing test

on top of the *Turner* inquiry. *See* Thomas Partial Dissent at 6–7. A close look at the record reveals the source of this misapprehension of the court's opinion. In the state trial court, Cummings asserted a claim under California Evidence Code § 352, and on direct appeal before the California Supreme Court, he repeatedly asserted he was prejudiced by La Casella's testimony. At the outset of its analysis, presumably in response to Cummings's arguments relating to prejudice, the California Supreme Court noted its agreement with the trial court that "the probative value of [La Casella's] testimony outweighed any prejudice to Cummings." 850 P.2d at 37. Significantly, however, the California Supreme Court continued on to frame the inquiry as one of due process, not a mere evidentiary issue governed by a prejudice-balancing test; quoted extensively the relevant standards from *Gonzalez* and *Beto*; and carefully distinguished Cummings's case with respect to both prongs of *Turner*. *Id.* at 37–38. The California Supreme Court squarely held: "Neither defendant's right to a fair trial, nor his right to a jury trial was undermined by the admission of LaCasella's testimony." *Id.* at 38.

With these amendments, Judges O'Scannlain and McKeown have voted to deny the petition for panel rehearing and rehearing en banc. Chief Judge Thomas has voted to grant the petition for panel rehearing and rehearing en banc.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are **DENIED**. No further petitions for en banc or panel rehearing shall be permitted.